# EXHIBIT D

## PROMISSORY NOTE & SECURITY AGREEMENT
### (DEMAND REVOLVING LINE OF CREDIT)

# PROMISSORY NOTE & SECURITY AGREEMENT
## (Demand Revolving Line of Credit)

$2,000,000.00      Flint, Michigan

**Due: ON DEMAND**      Dated: January 1, 2022

ON DEMAND (or as otherwise provided in this Note), FOR VALUE RECEIVED, **INSTASET PLASTICS COMPANY, LLC**, a Michigan limited liability company (the "Borrower") hereby promises to pay **UPON DEMAND** to the order of **WGS GLOBAL SERVICES, LLC**, a Michigan limited liability company, its successors and assigns (the "Lender"), with an address of 6350 Taylor Dr., Flint, MI 48507, the principal sum of **TWO MILLION AND 00/100 DOLLARS ($2,000,000.00)** (the "Loan"), or so much of the Loan as may be advanced to or for the benefit of Borrower under this Demand Revolving Line of Credit Note ("Note") together with interest thereon at the rate below, and any and all other amounts which may be due and payable hereunder (as hereinafter defined), on the dates as set forth in this Note as the same may be accelerated or extended pursuant to the terms hereof.

The unpaid principal balance outstanding from time to time under this Note shall bear interest at the fixed rate of 6.00 % per annum ("Rate"). Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed.

Unless sooner demanded, the Borrower shall pay all accrued interest on the principal balance outstanding hereunder, commencing on January 1, 2024, and continuing on the twentieth-eighth (28th) day of each month thereafter. This is a Note under which amounts repaid may be readvanced, pursuant to the terms of this Note. **THE LENDER SHALL BE UNDER NO OBLIGATION TO MAKE ANY ADVANCES TO THE BORROWER PURSUANT TO THIS NOTE, NOTWITHSTANDING ANYTHING EXPRESSED OR IMPLIED IN THIS NOTE, AND THE LENDER, AT ANY TIME(S), WITHOUT NOTICE, AND IN ITS SOLE DISCRETION, MAY REFUSE TO MAKE ADVANCES TO THE BORROWER WITHOUT INCURRING ANY LIABILITY DUE TO THIS REFUSAL AND WITHOUT AFFECTING THE BORROWER'S LIABILITY UNDER THIS NOTE FOR ALL AMOUNTS ADVANCED.**

If any payment of principal or interest hereunder is not paid upon demand or within ten (10) days from the date same is due, then, at the option of Lender, in addition to all other sums due hereunder, the Borrower shall pay a late charge in an amount equal to the greater of $30.00 or five percent (5%) of the amount of such past due payment, but acceptance of payment of any such charge shall not constitute a waiver of any Event of Default (as that term is defined below).

The sums advanced hereunder shall be charged to a loan account in Borrower's name on Lender's books (the "Loan Account"), and Lender shall credit to such account the amount of each repayment hereunder. Lender shall render Borrower, from time to time, a statement of account setting forth the Borrower's Loan balance in said Loan Account which shall be presumed to be correct and accepted by and binding upon Borrower, unless Lender receives a written statement of objections thereto within ten (10) days after such statement has been rendered to Borrower. Such statement of account shall be prima facie evidence of the Loan and amounts owing to Lender by Borrower hereunder.

Any payment made by mail will be deemed tendered and received only upon actual receipt (time being of the essence), at the address of Lender designated for such payment whether or not Lender has authorized payment by mail or any other manner. Borrower hereby expressly assumes all risk of loss or liability resulting from non-delivery or delay in delivery of any payment transmitted by mail or in any other manner.

No delay or failure of Lender in exercising any right, remedy, power or privilege hereunder shall affect such right, remedy, power or privilege, nor shall any single or partial exercise thereof preclude the exercise of any other right, remedy, power or privilege. No delay or failure of Lender at any time to demand strict adherence to the terms of this Note shall be deemed to constitute a course of conduct inconsistent with the Lender's right at any time, before or after any Event of Default, to demand strict adherence to the terms of this Note.

There shall be no prepayment penalty if all or any part of any principal of the Note is paid in whole or in part before the original due date of that principal, except as otherwise provided in any interest rate protection or swap agreement now or hereafter entered into by Borrower with Lender or any affiliate of Lender. The foregoing shall not in any way limit, restrict or otherwise affect Lender's right to make demand for payment of any or all of the Obligations (as that term is defined in the "Definitions" paragraph below) under this Note at any time in Lender's sole and absolute discretion.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or so operate as to require the Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note. Should any interest or other charges, charged, paid or payable by the Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by applicable law, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against the Loan Account in reduction of the principal due under this Note.

The Borrower shall be in default of this Note in the event of any of the following (each an" Event of Default"): (a) the Borrower fails to pay this Note, or fails to pay any of the other indebtedness of Borrower to Lender when due, by maturity, acceleration or otherwise, or fails to pay any indebtedness of Borrower to Lender owing on a demand basis upon demand; or (b) fails to comply with any of the terms or provisions of any agreement between the Borrower and the Lender, and any such failure continues beyond any applicable grace or cure period, if any, expressly provided with respect thereto; or (c) if any warranty or representation made by the Borrower in connection with this Note or any other indebtedness of Borrower to Lender shall be discovered to be untrue or incomplete; or (d) if there is any failure by the Borrower to pay when due any of its indebtedness (other than to the Lender) or in the observance or performance of any term, covenant or condition in any document evidencing, securing or relating to such indebtedness.

Upon the occurrence of an Event of Default: (a) the entire unpaid principal balance and all accrued interest shall at the sole option of Lender be accelerated and immediately due and payable, without presentment, demand, protest or any further notice or any other formalities of any kind, all of which are hereby expressly and irrevocably waived, together with (to the extent permitted under applicable law) the costs, attorneys' fees, and outside consultants' fees reasonably incurred by Lender in collecting or enforcing payment, (b) the outstanding principal amount hereof shall bear interest at the Default Rate (as that term is defined in the "Definitions" paragraph below), (c) Lender may proceed to protect and enforce all or any of its rights, remedies, powers and privileges under this Note by action at law, suit in equity or other appropriate proceedings, and (d) any commitment or obligation, if any, on the part of Lender to make loans or otherwise extend credit to or in favor of Borrower shall immediately terminate. Upon the occurrence and at any time during the continuance or existence of an Event of Default, the Obligations shall automatically become immediately due and payable without any notice by Lender to Borrower and any commitment or obligation, if any, on the part of Lender to make advances, loans or otherwise extend credit to or in favor of Borrower shall immediately terminate. Further, upon the occurrence or at any time during the continuance or existence of an Event of Default, Lender may collect, deal with and dispose of all or any part of the property of Borrower granted as security for this Note (as described below) in any manner permitted or authorized by the Michigan Uniform Commercial Code or other applicable law (including public or private sale), and after deducting expenses (including, without limitation, reasonable attorneys' fees and expenses), Lender may apply the proceeds thereof in part or full payment of any of the Obligations, whether due or not, in any manner or order Lender elects.

Borrower hereby grants to Lender a security interest in all of the following:

[ ] A. **Accounts and Other Collateral.** All Accounts, including without limitation; Chattel Paper, including without limitation Electronic Chattel Paper and Tangible Chattel Paper;

Documents; Instruments, including without limitation Promissory Notes; General Intangibles, including without limitation Payment Intangibles and Software; notes secured by real estate; Letter of Credit Rights and proceeds from letters of credit; Commercial Tort Claims; and Supporting Obligations; and any rights to any tax refunds from any governmental authority;

[ ]  B.  **Inventory.** All Inventory and Goods (other than Equipment) including without limitation raw materials, work in process, finished goods, tangible property, stock in trade, wares and merchandise used in, sold by, or stopped in transit by Borrower, including Goods whose sale, lease or other disposition by the Borrower has given rise to Accounts and which have been returned to, or repossessed or stopped in transit by the Borrower, or rejected by an Account Debtor;

[ ]  C.  **Equipment.** All Equipment and Fixtures, including without limitation all machinery, furniture, furnishings, and vehicles, and all substitutions, improvements, replacements and additions thereto;

[ ]  D.  **Investment Property and Deposit Accounts.** All Investment Property, including Certificated and Uncertificated Securities, Security Entitlements, Securities Accounts, Commodity Contracts and Commodity Accounts; money and Deposit Accounts: and

[X]  E.  **All Assets.** All of Borrower's personal property including, without limitation, the property described in subparagraphs A. through D. above.

All payments other than scheduled payments paid hereunder shall, at the option of Lender, first be applied against any and all fees, costs and expenses (including collection expenses and attorney fees), then against accrued interest, and the balance against principal. Acceptance by Lender of any payment in an amount less than the amount then due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an Event of Default.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note.

No delay or omission of the Lender to exercise any right under this Note impairs that right nor can it be construed to waive any Event of Default or acquiesce in any Event of Default, and the making of an advance notwithstanding the existence of an Event of Default or the inability of the Borrower to satisfy the conditions precedent to such advance does not constitute a waiver or acquiescence. Any single or partial exercise of any right does not preclude any other or further exercise of it or the exercise of any other right, and no waiver, amendment or other variation of the terms of this Note is valid unless in writing signed by Borrower and Lender, and then only to the extent that such writing specifies. All remedies contained in this Note or afforded by law are cumulative and all are available to the Lender until this Note has been paid in full.

The Borrower hereby expressly acknowledges and agrees that this Note is a demand note and matures upon issuance, and that the Obligations hereunder shall be payable upon demand (unless earlier payment is required in accordance with the terms and conditions of this Note), and that Lender may, at any time in its sole and absolute discretion, without notice and without reason and whether or not any Event of Default shall have occurred and/or exist under this Note, demand that this Note and the Obligations hereunder be immediately paid in full. The Lender may from time to time make demand for partial payments under this Note and these demands shall not preclude the Lender from demanding at any time that this Note be immediately paid in full. Further, the demand nature of this Note shall not be deemed to be modified, limited or otherwise affected by any reference to any Event of Default in this Note, and to the extent that there are any references to any Event of Default hereunder, such references are for the purpose of permitting Lender to accelerate any Obligations not on a demand basis and to receive interest at the applicable default rate provided in the document evidencing the relevant Obligations.

The Borrower must reimburse the Lender for any costs, internal charges and out-of-pocket expenses (including attorneys' fees and time charges of attorneys for the Lender, including employees of the Lender) paid or incurred by the Lender in connection with the preparation, review, execution, delivery, amendment, modification, administration, collection and enforcement of this Note. The Borrower further indemnifies the Lender, its directors, officers, agents, attorneys and employees (the "Indemnified Parties") against all losses, claims, damages, penalties, judgments, liabilities and expenses (including without limitation all expenses of litigation or preparation for litigation whether or not the Lender is a party) which any of the Indemnified Parties pay or incur arising out of or relating to this Note or the direct or indirect application or proposed application of the proceeds of this Note.

The terms of this Note bind and benefit the Borrower and the Lender and their respective successors and assigns, except that the Borrower shall not assign its rights or obligations under this Note without the express written consent of the Lender. The Lender may, in the ordinary course of its business and in accordance with applicable law, at any time sell to one or more banks or other entities the Lender's participating interests in this Note. The Lender may, without the consent of the Borrower, assign to one or more banks or other entities all or any part of its rights and obligations under this Note, and the Borrower releases the Lender for the amount so assigned.

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan. The Borrower irrevocably submits to the non-exclusive jurisdiction of any United States federal or state court sitting in the State of Michigan in any action or proceeding arising out of or relating to this Note, and the Borrower irrevocably agrees that all such claims may be heard and determined in any such court and irrevocably waives any present and future objection it may have as to the venue of any action or proceeding brought in that court, or that that court is an inconvenient forum. Nothing herein shall limit the right of the Lender to bring any action or proceeding against the Borrower in the courts of any other jurisdiction.

Borrower acknowledges and agrees that (a) a copy of this Note including without limitation photocopies, facsimiles and electronically scanned copies, shall be deemed originals and shall be enforceable without the necessity of producing originals, (b) Borrower shall not contest the existence, validity or enforceability of this Note on account of the failure of Lender to produce an original of this Note, and (c) Lender may, without notice to or the consent of Borrower, dispose of or destroy the originals of this Note without affecting Lender's rights under this Note.

**DEFINITIONS.** As used in this Note, the following terms shall have the given meaning:

"Business Day" shall mean any day other than Saturday or Sunday on which commercial banking institutions are open for business in Michigan.

"Default Rate" shall mean an annual rate of interest equal to the lesser of (i) the Rate, plus three percent (3.0%) per annum or (ii) the highest rate of interest permitted by applicable law to be charged for unpaid monetary obligations.

"Obligations" shall mean, collectively, Borrower's obligations for the payment of the Loan, including all sums advanced or to be advanced under this Note, together with interest on the outstanding principal balance of such sums and with any and all other sums, fees or other charges payable by Borrower to the Lender pursuant to this Note.

"Person" shall mean any corporation, natural person, firm, limited liability company, joint venture, partnership, trust, unincorporated organization, enterprise, government or any department or agency of any government.

**LENDER AND BORROWER KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT EITHER OF THEM TO HAVE TO A TRIAL BY JURY IN ANY PROCEEDING (WHETHER SOUNDING IN CONTRACT OR TORT) WHICH IS IN ANY WAY CONNECTED WITH THIS NOTE, ANY RELATED AGREEMENT, OR THE RELATIONSHIP ESTABLISHED HEREIN.**

[remainder of page intentionally left blank]

SIGNATURE PAGE
TO
PROMISSORY NOTE & SECURITY AGREEMENT
(Demand Revolving Line of Credit)

**Address:**
10101 Marine City Hwy.
Anchorville, MI 48004

**BORROWER:**

INSTASET PLASTICS COMPANY, LLC

By: _____
Christopher Goetz
Its: Sole Member