UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

**INSTASET PLASTICS COMPANY, LLC,**      Case No. 22-47794-tjt
                                                      Chapter 11
     **Debtor.**                                      Judge Thomas J. Tucker

**ORDER CONFIRMING DEBTOR'S PLAN OF LIQUIDATION
UNDER 11 U.S.C. SECTION 1191(b)**

Instaset Plastics Company, LLC ("IPC" or the "Debtor"), as Debtor and Debtor in Possession, by and through its attorneys, Strobl PLLC, having filed its Plan of Liquidation (Docket # 135, the "Plan"), proper notice of the Plan having been served and the Court having held a telephonic hearing on confirmation of the Plan on February 15, 2023; and the Plan generally providing as follows:

         A.      Class I consists of the general Unsecured Claims of Creditors of the Debtor, including the Debtor's trade creditors and WGS Global Services, L.C. ("WGS") for its claims for prepetition loans. Class I has voted to accept the Plan.

         B.      Class II consists of the Debtor's member, Christopher Goetz. The Class II interests will be deemed cancelled as of the Effective Date of the Plan. The Class II interests will receive no distribution under the Plan.

C. No class has voted to reject the Plan. The Class II interest holder is deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code.

The Court makes the following Findings of Fact and Orders as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("Fed. R. Bank. P" or Rules").

2. Venue is proper before this Court under U.S.C. §§ 1408 and 1409.

3. Adequate and sufficient notice of the Plan and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of claims and interests. Order Establishing Deadlines and Procedures (Docket # 82); Debtor's Plan of Liquidation (Docket # 135]; Certificate of Service of Plan (Docket # 137). The Verified Ballot Report pertaining to the Plan was timely filed with the Court on February 7, 2023 (Docket No. 167). The Plan was transmitted and served in compliance with the Rules and the Court's Scheduling Order and such transmittals and service were adequate and sufficient. Notice of the Confirmation Hearing, the opportunity for any party in

---

[1] The term "Bankruptcy Code" refers to the applicable section of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

interest to object to confirmation and all dates were adequate and appropriate and in accordance with Fed. R. Bank. P. 2002(b) as to all parties to be affected by the Plan and the transactions contemplated thereby. No other or further notice is required.

4. Group I consists of the administrative claims against the Debtor, including the allowed professional fees.

5. Group II consists of the Debtor in Possession financing claim of WGS.

6. Group III consists of the priority tax claim of the Internal Revenue Service for the Debtor's unpaid Form 940, FUTA, tax for the 2019 tax year.

7. Class I consists of the of the general Unsecured Claims of Creditors of the Debtor, including the Debtor's trade creditors and WGS for its claims for prepetition loans. Class I has voted to accept the Plan.

8. Class II consists of the Debtor's member, Christopher Goetz. The Class II interests will be deemed cancelled as of the Effective Date of the Plan. The Class II interests will receive no distribution under the Plan.

9. The Plan adequately and properly identifies and classifies all claims. Under 11 U.S.C § 1122(a), the claims placed in each class are substantially similar to the other claims in each such class. Under 11 U.S.C § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan

and such classifications do not unfairly discriminate among the holders of claims. The classification of claims in the Plan is reasonable.

10. Under 11 U.S.C § 1123(a)(2), the Plan properly specifies all classes of claims or interests that are not impaired under the Plan.

11. Under 11 U.S.C § 1123(a)(3), the Plan properly specifies all classes of claims or interests that are impaired under the Plan.

12. Under 11 U.S.C § 1123(a)(4), the Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

13. The Plan complies with all applicable provisions of Chapter 11 of the Bankruptcy Code.

14. The Plan has been proposed in good faith and neither the Plan, nor the means by which it was proposed, are forbidden by any law.

15. All payments to be made or promised by the Debtor have been disclosed to the Court and are reasonable.

16. The Plan does not unfairly discriminate against any class of creditors.

17. No regulatory commission has any jurisdiction over this matter.

18. Each holder of a claim or interest in each Group or Class will receive or retain under the Plan as of the Effective Date of the Plan not less than the

amount the holder would receive if the Debtor had filed a liquidation under Chapter 7 of the Bankruptcy Code.

19. The Plan complies with all applicable provisions of 11 U.S.C. §§ 1129(a), other than § 1129(a)(8), and the Plan complies with 11 U.S.C. § 1191(b).

20. The Plan provides that holders of priority claims will receive either cash equal to the allowed amount of such claims or deferred cash payments equal to the allowed amounts of such claims. To the extent that such claims are treated otherwise, the holders of such claims have accepted the Plan.

21. The Court finds that the Plan is fair, feasible and equitable.

22. The Plan satisfies and complies with 11 U.S.C. § 1191(b) and, as a result, is confirmed under § 1191(b).

**IT IS ORDERED** that Debtor's Plan, filed with the Court on January 3, 2023 (Docket # 135), as modified by this Order, is confirmed under 11 U.S.C. § 1191(b).

**IT IS FURTHER ORDERED** that under 11 U.S.C. § 1141(a), except as provided in 11 U.S.C. § 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, any Creditor, and Debtor's equity security holder, whether or not the claim of such interest or creditor is impaired under the Plan and whether such creditor or interest holder has accepted the Plan.

**IT IS FURTHER ORDERED** that all of the Debtor's executory contracts and unexpired leases that have not been previously assumed or rejected and that are not herein assumed, are rejected as of the Confirmation Date under the terms and conditions of the Plan and 11 U.S.C. §§ 1123(b)(2) and 365, and any applicable Bankruptcy Rules.

**IT IS FURTHER ORDERED** that the failure of this Order to reference or address all or part of any particular provision of the Plan has no effect on the validity, binding effect or enforceability of such provision and such provision has the same validity, binding effect and enforceability as every other provision in the Plan. In the event of any inconsistencies between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order will control.

**IT IS FURTHER ORDERDED** that the last sentence of paragraph 1.8.1 of the Plan is hereby restated in its entirety as follows: "The balance on the WGS post-petition financing is $558,851.00 plus accumulated interest from October 13, 2023 through the date of payment at 6% per annum."

**IT IS FURTHER ORDERED** that McGustavus (Gus) Miller, Jr. will serve as the disbursing agent and must file a report with the Court accounting for the disbursement of the Debtor's funds.

**IT IS FURTHER ORDERED** that the Debtor must deposit all post confirmation receipts, including the collection on any accounts receivable into its Debtor-in-Possession accounts and must disburse all wind down expenses from the Debtor-in-Possession accounts.

**IT IS FURTHER ORDERED** that the Debtor must file a report within 14 days after substantial consummation of the Plan under 11 U.S.C. § 1183(c)(2).

**IT IS FURTHER ORDERED** that the Subchapter V Trustee will be discharged upon the filing of the Debtor's report regarding substantial consummation of the Plan.

**IT IS FURTHER ORDERED** that in the event of a conversion of this case to a Chapter 7 proceeding, all property that vested in the Debtor, Debtor-in-Possession, Liquidating Debtor, or any Successors to the Debtor under the confirmed Plan or under 11 U.S.C. § 1141, or that was acquired by the Debtor after the Confirmation Date, will be property of the Chapter 7 estate. Any distributions to WGS paid as Debtor-in-Possession Financing, including under or under the Plan, will not become property of the Chapter 7 estate or otherwise disgorged or returned by, or recovered from WGS.

**IT IS FURTHER ORDERED** that the Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or Orders of this Court.

**IT IS FURTHER ORDERED** that the Debtor must file, in accordance with 11 U.S.C. §§ 1106(a)(1) and 1107 and Fed. R. Bank. P. 2015(a), post-confirmation monthly operating reports no later than 20 days after the end of each month and serve copies on the United States Trustee and the Subchapter V Trustee, until all distributions are made under the plan.

**IT IS FURTHER ORDERED** that paragraph 11.21 of the Plan is modified to state as follows: "Effective Date" means the 14th day after the Confirmation Order becomes a Final Order.

**IT IS FURTHER ORDERED** that all professional fee applications must be filed within 30 days after this Order is entered.

**Signed on February 15, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**